# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 4, 2018

```
* * * * * * * * * * * * * *
DAVID ROMERO,                       *
                                    *
        Petitioner,                 *       No. 16-136V
                                    *       Special Master Sanders
v.                                  *
                                    *       Dismissal; Petitioner Death;
SECRETARY OF                        *       No Substitute Petitioner;
HEALTH AND HUMAN SERVICES,          *       Failure to Prosecute
                                    *
        Respondent.                 *
* * * * * * * * * * * * * *
```

Bruce Slane, Law Office of Bruce W. Slane, P.C., White Plains, NY, for Petitioner.
Voris Johnson, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On January 28, 2016, David Romero ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program ("Vaccine Program").[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that he suffered from "cryoglobulinemic vasculitis, kidney failure, congestive heart failure, atrial fibrillation, pneumonia, meningoencephalitis, seizures, edema in the bilateral lower extremities, palpable purpura, glomerulonephritis, enlarged spleen, anemia, nose bleeds, pancytopenia, chronic thrombocytopenia, pulmonary edema, psychosis, diplopia, hemoptysis, dyspnea, bronchiolitis, pneumonitis, sepsis, pseudomonas bacteremia, neutropenia, leukopenia, mood changes, and neurocognitive disorder" as a result of Hepatitis B vaccinations he received on April 22, 2014 and May 22, 2014. Pet. at 1, ECF No. 1.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

Petitioner was actively pursuing his claim and the parties were engaging in settlement discussions when Petitioner passed away on September 3, 2017. Pet'r Ex. 21, ECF No. 45. On December 8, 2017, Petitioner's counsel filed a status report stating that he "spoke to [Petitioner's] daughter, Veronica Gonzalez, in regards to becoming the proposed Administratrix of Petitioner's estate and retaining [counsel's law office]." ECF No. 47. Petitioner's counsel further reported that it is his belief that Petitioner "died intestate, that Veronica Gonzalez would be the sole beneficiary of the estate . . . [and] that no estate will likely be formed on the behalf of [Petitioner]." *Id.* Finally, Petitioner's counsel stated his understanding that Ms. Gonzalez "does not wish to pursue her late father's cause of action at this time." *Id.*

At a status conference held on December 12, 2017, Petitioner's counsel reiterated the contents of his December 8, 2017 status report and his understanding that there is no beneficiary who seeks to pursue Petitioner's claim. *See* Order, ECF No. 48. That same day, Petitioner's counsel sent a letter to Ms. Gonzalez via federal express and certified mail with return receipt. Pet'r Ex. 22, ECF No. 49-1. In the letter, Petitioner's counsel advised Ms. Gonzalez "that there will be a motion to dismiss [her] late father's Petition in the Federal Court of Claims Vaccine Compensation Program." *Id.* Counsel further advised that because Ms. Gonzalez has "not retained [his] firm and [has] represented that there are no beneficiaries willing to continue [Petitioner's] case," the motion to dismiss would "be made within 20 days of the date of [the] letter." *Id.* He explained that if she or "any other possibl[e] beneficiary that [she is] aware of change[d] their mind in the next 20 days and wish[ed] to pursue the petition," they should "contact him immediately." *Id.* Petitioner's counsel then informed Ms. Gonzalez that if he received no response, he would "not oppose the motion [to dismiss] and the petition will then be dismissed with prejudice." *Id.* He noted that "it is [his] understanding that this [dismissal] is [Ms. Gonzalez's] wish." *Id.*

On January 3, 2018, Respondent filed an unopposed Motion to Dismiss Pursuant to Vaccine Rule 21(b)(1). Resp't's Mot. to Dismiss, ECF No. 51. In the motion, Respondent notes his understanding that Petitioner's "counsel has made diligent efforts to locate a person to serve as the legal representative of [Petitioner's] estate for purposes of maintaining the instant Vaccine Act Petition," but that "Ms. Gonzalez has declined to serve as the petitioner in this matter and has represented that there are no other beneficiaries of the estate to serve as the petitioner." *Id.* Therefore, Respondent moved for the petition to be dismissed pursuant to Vaccine Rule 21(b)(1) because "[t]here [is] no petitioner to prosecute th[e] claim further." *Id.* at 2. The motion reflects that Petitioner's "counsel has reviewed th[e] motion and advises that he does not object." *Id.*

Under Vaccine Rule 21(b)(1), the Special Master "may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the Special Master or the court." Because Petitioner died on September 3, 2017 and his sole beneficiary has declined to serve as Petitioner in this matter, there is no longer a petitioner to prosecute the claim. Therefore, this case must be **dismissed for failure to prosecute. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Herbrina D. Sanders  
Herbrina D. Sanders  
Special Master