# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 2, 2018

```
* * * * * * * * * * * * * *
DAVID ROMERO,                     *
                                  *
        Petitioner,               *       No. 16-136V
                                  *       Special Master Sanders
v.                                *
                                  *       Attorneys' Fees & Costs; Reasonable
SECRETARY OF                      *       Amount Requested; Petitioner Death; Check
HEALTH AND HUMAN SERVICES,        *       Payable Directly to Counsel
                                  *
        Respondent.               *
* * * * * * * * * * * * * *
```

Bruce W. Slane, Law Office of Bruce W. Slane, P.C., White Plains, NY, for Petitioner.
Voris E. Johnson, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 28, 2016, David Romero ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that he suffered from "cryoglobulinemic vasculitis, kidney failure, congestive heart failure, atrial fibrillation, pneumonia, meningoencephalitis, seizures, edema in the bilateral lower extremities, palpable purpura, glomerulonephritis, enlarged spleen, anemia, nose bleeds, pancytopenia, chronic thrombocytopenia, pulmonary edema, psychosis, diplopia, hemoptysis, dyspnea, bronchiolitis, pneumonitis, sepsis, pseudomonas bacteremia, neutropenia, leukopenia, mood changes, and neurocognitive disorder" as a result of Hepatitis B vaccinations he received on April 22, 2014 and May 22, 2014. Pet. at 1, ECF No. 1.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) ("Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

Petitioner passed away on September 3, 2017. Pet'r Ex. 21, ECF No. 45. His daughter, the sole beneficiary of his estate, declined to serve as the petitioner in the case. *See* Pet'r's Status Rept., ECF No. 47; Order, ECF No. 48; Pet'r Ex. 22, ECF No. 49-1. On January 3, 2018, Respondent filed an unopposed Motion to Dismiss because "[t]here [was] no petitioner to prosecute th[e] claim further." Resp't's Mot. to Dismiss, ECF No. 51. The case was dismissed on January 4, 2018. ECF No. 52.

On February 23, 2018, Petitioner's counsel, Bruce W. Slane, filed an application for attorneys' fees and costs. ECF No. 55. In his application, Mr. Slane requests $40,518.00 in attorneys' fees and $18,620.08 in costs and expenses. *Id.* at 1. Thus, the total amount requested is $59,138.08. *Id.* at 2. Respondent filed a response on March 8, 2018. ECF No. 56. In his response, Respondent indicated that "[t]o the extent the special master is treating [P]etitioner's request for attorneys' fees and costs as a motion that requires a response from [R]espondent . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent recommended that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. Petitioner did not file a reply thereafter. On March 15, 2018, the undersigned requested that Petitioner file additional information in support of his motion for attorneys' fees. ECF No. 57. Petitioner filed the information on March 29, 2018.[3] ECF No. 58. This matter is now ripe for consideration.

The undersigned has reviewed the detailed records of time and expenses of Petitioner's counsel, and finds that they are reasonable. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e), the undersigned finds that Petitioner is entitled to attorneys' fees and costs.

Decisions in the Vaccine Program typically award attorneys' fees and costs in the form of a check payable jointly to petitioners and their counsel. *See* 42 U.S.C. § 300aa-15(e) (provision allowing for attorneys' fees and costs "as part of [a petitioner's] compensation" under the Act). However, prior decisions have allowed payment to be made directly to a petitioner's attorney where the attorney would be unable to obtain a petitioner's signature on a jointly-payable check. *See Goodridge v. Sec'y of HHS*, No. 02-320V, 2014 WL 3973905, at *2-*6 (Fed. Cl. Spec. Mstr. 2014) (analyzing the statutory language, precedent, and policy reasons which justify the issuance of an attorneys' fee award directly to an attorney); *Gitesatani v. Sec'y of HHS*, No. 09-799V, 2011 WL 5025006, at *4-5 (Fed. Cl. Spec. Mstr. 2011) (concluding that "awarding attorneys' fees and costs to the attorney when the petitioner is absent and unavailable inheres in the petitioner's right to compensation"); *Watson v. Sec'y of HHS*, No. 10-882V, 2016 WL 4491492, at *1, *3 (Fed. Cl. Spec. Mstr. 2016) (granting relief where a jointly-payable check was awarded but counsel advised that petitioner "refused to endorse it"); *see also Ortiz-Mutilitis v. Sec'y of HHS*, No. 03-59V, 2012 WL 3902472, at *4 n.9 (Fed. Cl. Spec. Mstr. 2012) (denying relief from judgment where a check

---

[3] Although Petitioner's counsel appended information regarding the hours expended in response to the undersigned's March 15, 2018 Order, he does not request compensation for the additional hours. Pet'r Resp. to Mar. 15 Order, ECF No. 58 (requesting total amount of attorneys' fees and costs as designated in Petitioner's Motion); *see id.* Tab A, ECF No. 58-1. Petitioner's counsel is advised that he should include information regarding the qualifications of persons who billed hours in a case in all future attorneys' fees applications, as such information is necessary in order for a special master to determine whether the hourly rates billed are reasonable.

was jointly-payable, but noting that a special master may award attorney fees and costs directly to counsel in certain circumstances).

Neither party addressed whether the payment in this case should be made directly to Petitioner's counsel. However, this case was dismissed because Petitioner died and no eligible person wanted to prosecute the claim further. Therefore, the undersigned finds that the attorneys' fees and costs should be awarded to Petitioner's counsel alone. Accordingly, the undersigned hereby awards the amount of **$59,138.08**,[4] **in the form of a check made payable to Petitioner's counsel, Bruce W. Slane, of the Law Office of Bruce W. Slane, P.C.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of HHS*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).